## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WAYNE MICHAEL REAVIS, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 16-16426**

**STATE OF LOUISIANA**                                           **SECTION: "F"(1)**

### REPORT AND RECOMMENDATION

Plaintiff, Wayne Michael Reavis, Jr., is an inmate at the Eastern Louisiana Mental Health System in Jackson, Louisiana.  He filed this *pro se* federal civil rights action pursuant to 42 U.S.C. § 1983.  The sole defendant is the State of Louisiana.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490

U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as malicious, frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

Although his allegations in this lawsuit are cryptic, plaintiff appears to be claiming that he was wrongly prosecuted when he was mistaken for his father.  This "mistaken identity" claim appears to be the same one he asserted in a prior lawsuit dismissed earlier this year:  Reavis v.

---

[1] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

State of Louisiana, Civ. Action No. 16-1692, 2016 WL 3571440 (E.D. La. June 8, 2016) (North, M.J.), adopted, 2016 WL 3524139 (E.D. La. June 28, 2016) (Feldman, J.).  Plaintiff did not appeal that dismissal; instead, he simply filed this new lawsuit.  To the extent that this lawsuit duplicates the prior action, it qualifies as malicious.

In any event, regardless of whether this new lawsuit is considered malicious, it also clearly fails for the following alternative reasons as well.

Plaintiff filed this action on a form to be used by prisoners seeking relief pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983 (emphasis added).

As noted, the only defendant named in this lawsuit is the State of Louisiana.  However, the State of Louisiana is not a proper defendant in a § 1983 action for two reasons.  First, a state is not a "person" subject to suit under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).  Second, even if the State of Louisiana were otherwise a proper defendant, which it is not, it would still be protected against any § 1983 claim by the Eleventh Amendment.  Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief.  Cozzo v. Tangipahoa Parish

3

Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002); Tyson, 2010 WL 360362, at

*3.  The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment
> sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. §
> 13:5106(A).
>      Furthermore, Congress may only abrogate a state's Eleventh Amendment
> immunity by unequivocally expressing its intent to do so and by acting pursuant to
> a valid exercise of power.  We note that in enacting § 1983, Congress did not
> explicitly and by clear language indicate on its face an intent to sweep away the
> immunity of the States.

Cozzo, 279 F.3d at 281 (quotation marks and citations omitted).

Out of an abundance of caution, the Court makes one additional observation.  To the extent

that plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief

he seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S.

475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).[2]  However, an

individual confined pursuant to a state court judgment must first exhaust his remedies in the state

courts before seeking habeas corpus relief in the federal courts.  28 U.S.C. § 2254(b)(1) (requiring

exhaustion of state remedies in  habeas corpus actions brought pursuant to § 2254); see also Edge

v. Stalder, 83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in

habeas corpus actions brought pursuant to 28 U.S.C. § 2241); Dickerson v. Louisiana, 816 F.2d

220, 225 (5th Cir. 1987) (same).  "To exhaust, a petitioner must have fairly presented the substance

of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal

quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the

---

[2] Plaintiff's prior civil action was construed in part as a petition seeking habeas corpus relief.  Reavis, 2016 WL
3571440, at *1.

grounds urged in a federal petition were previously presented to *the state's highest court* in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court.  See La. Const. art. V, § 5(A).  On November 29, 2016, the undersigned's staff contacted the Clerk of the Louisiana Supreme Court and confirmed that petitioner had filed no applications whatsoever in that court. Therefore, to the extent that plaintiff's complaint is construed in part as a habeas corpus application, he is not entitled to such relief.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED** as malicious, frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's federal habeas corpus claims, if any, be **DISMISSED WITHOUT PREJUDICE** due to his failure to exhaust his remedies in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirtieth day of November, 2016.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**